UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VANCE SOLMAN, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 3:10-cv-729 (SRU) |
| | : |
| RICHARD MANZI, et al., | : |
|     Defendants. | : |

**RULING ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

On September 17, 2010, the court granted in part plaintiff Vance Solman's motion for reconsideration. The court reopened this case with regard to the retaliation claim against defendant Manzi and ordered service on that defendant. Solman has filed a motion, styled as a motion for relief from judgment, in which he asks the court to reconsider the prior decision with regard to the claims that remain dismissed.

As explained in the previous ruling, reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007). Plaintiff cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

The court properly evaluated and dismissed Solman's due process claim. His argument that the court should reconsider the claim applying a rational basis test is without merit.

Solman also argues that the violation of Administrative Directive 2.17, setting forth standards of employee conduct, by defendant Manzi is sufficient to state a claim for violation of his rights under the Eighth Amendment. Conditions of confinement must meet "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This means that prison officials must provide for inmates' basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989).

To state a claim for unconstitutional conditions of confinement, Solman must demonstrate both that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). If "conditions of confinement do not result 'in unquestioned and serious deprivations of basic human needs' or 'deprive inmates of the minimal civilized measure of life's necessities,' the United States Supreme Court has held that such deprivations do not rise to the level of a violation of the Eighth Amendment." *Beckford v. New York State Office of Mental Health*, No. 06-CV-00561(Sr.), 2010 WL 1816689, at *12 (W.D.N.Y. May 3, 2010) (citation omitted). This standard is not met merely because correctional officials do not comply with prison rules. *See Davidson v. Coughlin*, 920 F. Supp. 305, 310 (N.D.N.Y. 1996) (noting that test for deliberate indifference to inmate safety is not whether correctional staff followed prison directive).

Solman argues only that defendant Manzi failed to comply with the directive on employee conduct. He alleges no other facts supporting an Eighth Amendment claim. Because failure to comply with a prison directive is insufficient to support an Eighth Amendment claim, Solman's contention that the court should permit his Eighth Amendment claim to proceed necessarily fails.

Plaintiff's motion [**Doc. #18**] is **DENIED**.

**SO ORDERED** this 27th day of October 2010, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge